IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| STEVE BAKER,<br><br>    Plaintiff,<br><br>v.<br><br>BARBOUR COUNTY, ALABAMA, | Civil Action No.<br><br><br>JURY TRIAL DEMANDED |

## **COMPLAINT FOR DAMAGES**

COMES NOW, Steve Baker ("Plaintiff" or "Mr. Baker"), by and through undersigned counsel, and files this Complaint, and shows the Court as follows:

## **NATURE OF COMPLAINT**

1.

Plaintiff brings this action for damages and reasonable attorney fees against Defendant Barbour County, Alabama ("Defendant") for violations of his rights under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 et seq. ("ADA") and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, et seq. Plaintiff has filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and expressly reserves the right to amend this Complaint to reflect administrative exhaustion upon receipt of a Notice of Right to Sue from the EEOC.

## **JURISDICTION AND VENUE**

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331, 29 U.S.C. § 2617(a), and 42 U.S.C. § 12117(a).

3.

Defendant resides in this judicial district and does business within this district.

4.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, 29 U.S.C. § 2617(a), and 42 U.S.C. § 12117(a), venue is appropriate in this Court.

## **ADMINISTRATIVE PROCEDURES**

5.

Plaintiff filed his Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on August 8, 2024, EEOC Charge No. 420-2024-04317.

6.

Plaintiff's EEOC charge remains under investigation by the Birmingham District Office. Plaintiff expressly reserves the right to amend this Complaint upon receipt of a Notice of Right to Sue from the EEOC.

## PARTIES

7.

Plaintiff Steve Baker is a male citizen of the United States of America and is subject to the jurisdiction of this Court.

8.

At all times relevant to this action, Defendant Barbour County, Alabama (Road and Bridge Department) was qualified and licensed to do business in Alabama, and at all times material hereto has conducted business within this District.

9.

During all times relevant hereto, Defendant has employed more than two hundred (200) employees, including fifteen (15) or more employees for the requisite duration under the ADA. Defendant is therefore covered under the ADA in accordance with 42 U.S.C. § 12111(5).

10.

At all times relevant to this action, Plaintiff was an "employee" of Defendant as defined under the ADA at 42 U.S.C. § 12111(4).

11.

During all times relevant hereto, Defendant has employed fifty or more employees within a 75-mile radius of Plaintiff's employment location in Clayton, Alabama. Plaintiff is an "eligible employee" within the meaning of the FMLA, 29

U.S.C. § 2601 et seq., in that he had been employed with Defendant for more than 12 months and worked more than 1250 hours in the 12 months preceding his requests for FMLA leave.

12.

Defendant may be served with process by delivering a copy of the summons and complaint to 113 Court Square, Clayton, Alabama 36016.

## FACTUAL ALLEGATIONS

13.

Plaintiff was initially employed by Defendant as an Equipment Operator II February 2022 to April 2022, and, after taking leave to close a business, was rehired as an Equipment Operator III in November 2022.

14.

As an Equipment Operator III, Plaintiff operated heavy equipment for Defendant's Road and Bridge Department in Clayton, Alabama.

15.

In June 2023, Plaintiff suffered a heart attack and was diagnosed with congestive heart failure.

16.

Plaintiff's congestive heart failure substantially limits one or more of his major life activities, including but not limited to: walking, climbing stairs, breathing, and

the operation of his circulatory system. His condition causes fatigue, shortness of breath, and coughing.

17.

Following his diagnosis, Plaintiff was approved for intermittent FMLA leave, allowing him to take 3-5 days of leave at a time when needed due to his medical condition.

18.

On February 13, 2024, Lead Engineer Orin Galloway called a meeting among Plaintiff, Plaintiff's Supervisor Xavier Howard, and Assistant Engineer Turner Lee to discuss the fact that Leslie Green, a secretary with the Road and Bridge Department, had learned I had received FMLA leave and was openly criticizing me for being approved for FMLA.

19.

This meeting took place in the shop of the Road and Bridge Department, an open, four-bay shop in which other employees walked by and could overhear the conversation.

20.

Plaintiff informed Galloway that he "felt really bad" and that "something was wrong," and that he needed to leave work and go to the doctor.

21.

Galloway told Plaintiff that he needed to take his FMLA "all at one time" and not "two or three days at a time." Galloway then pressured Plaintiff to stay at work, saying that he badly needed him on the bulldozer and saying "but do you *really* need to take off.

22.

Believing he had no choice if we wanted to keep his job, Plaintiff went to work on the bulldozer, where he suffered a heart attack about two hours after the meeting.

23.

Had Plaintiff been allowed to take off work, he would have gone to his cardiologist at Flower's Hospital in Dothan, Alabama.

24.

Because Plaintiff suffered a heart attack at work, he was instead treated at Medical Center Barbour, in Eufaula, Alabama, and transferred to Jackson Hospital, in Montgomery, Alabama to undergo open heart surgery.

25.

The forced change in medical treatment location resulted in Plaintiff having to travel approximately two hours to Montgomery for treatment, causing additional medical expenses, transportation costs, and requiring his wife to take time off work.

26.

In May 2024, Plaintiff's initial FMLA leave expired, and he requested an extension of his FMLA leave.

27.

Defendant denied Plaintiff's request for extended FMLA leave and instead offered only a three-month unpaid leave of absence.

28.

During this unpaid leave, Defendant required Plaintiff to pay $600 per month in insurance premiums to maintain his health coverage.

29.

Throughout Plaintiff's employment, his supervisor, Xavier Howard, violated Plaintiff's privacy rights by improperly discussing Plaintiff's FMLA status and medical condition with others.

30.

As a result of Defendant's actions, including the denial of reasonable accommodations, interference with FMLA rights, and discrimination based on his disability, Plaintiff was forced to resign his position in July 2024.

31.

Although Defendant may purport to provide legitimate non-discriminatory reasons for its actions, such reasons are pretextual.

## **CLAIMS FOR RELIEF**

## **COUNT I:  DISABILITY DISCRIMINATION IN VIOLATION OF ADA**

32.

Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

33.

Plaintiff has a physical impairment, congestive heart failure, that substantially limits one or more major life activities including but not limited to walking, climbing stairs, breathing, and the operation of his circulatory system.

34.

Plaintiff's physical impairment is a "disability" within the meaning of the ADA, as amended.

35.

Defendant was aware of Plaintiff's disability.

36.

At all times relevant to this action, Plaintiff was a qualified individual with a known disability as defined in the ADA.

37.

Plaintiff could perform the essential functions of his job with reasonable accommodations.

38.

Defendant discriminated against Plaintiff because of his disability by:

a) Denying his request for the reasonable accommodation of intermittent leave;
b) Allowing employees to criticize Plaintiff for his disability and discussing his protected health information;
c) Requiring him to pay excessive insurance premiums during his medical leave; and
d) Creating working conditions so intolerable that he was forced to resign.

39.

Although Defendant may purport to provide legitimate non-discriminatory reasons for its actions, such reasons are pretextual.

40.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of disability in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 et seq.

41.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

42.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected his status as an employee because of his disability.

43.

As a direct and proximate result of Defendant's violation of the ADA, Plaintiff has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

44.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, front pay, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

## COUNT II: RETALIATION IN VIOLATION OF THE ADA

45.

Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

46.

Plaintiff engaged in protected activity under the ADA by requesting reasonable accommodations for his disability.

47.

Defendant retaliated against Plaintiff for engaging in protected activity by:

(a) Denying his request for the reasonable accommodation of intermittent leave;

(b) Allowing employees to criticize Plaintiff for his disability and discussing his protected health information;

(c) Requiring him to pay excessive insurance premiums during his medical leave; and

(d) Creating working conditions so intolerable that he was forced to resign.

48.

Defendant's proffered reasons for its actions are pretextual and designed to hide its retaliatory motive.

49.

Defendant's retaliatory actions against Plaintiff were in violation of the ADA, as amended.

50.

As a result of Defendant's retaliatory actions against Plaintiff, he has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

51.

Defendant's conduct demonstrates willful and wanton disregard for Plaintiff's federally protected rights.

52.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, front pay, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

### COUNT III:  FMLA INTERFERENCE

53.

Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

54.

At all times relevant to this action, Plaintiff was an eligible employee under the FMLA, having worked for Defendant for more than 12 months and having worked more than 1,250 hours in the 12 months preceding his requests for FMLA leave.

55.

Defendant is an employer as defined by the FMLA.

56.

Plaintiff suffered from a serious health condition as defined by the FMLA.

57.

Plaintiff provided adequate notice of his need for FMLA leave.

58.

Defendant interfered with Plaintiff's FMLA rights by:

a) Denying his request for intermittent FMLA leave on February 13, 2024;

b) Denying his request for extended FMLA leave in May 2024;

c) Failing to properly notify Plaintiff of his FMLA rights; and

d) Disclosing his confidential medical information to others.

59.

As a direct result of Defendant's interference with Plaintiff's FMLA rights, Plaintiff has suffered damages including lost wages, lost benefits, and other compensation.

60.

Defendat's violations of the FMLA were willful.

61.

Pursuant to 29 U.S.C. § 2617(a)(1), Plaintiff is entitled to recover damages including back pay, lost benefits, liquidated damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the FMLA.

## COUNT IV: FMLA RETALIATION

62.

Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

63.

Plaintiff engaged in protected activity under the FMLA by:

a) Requesting and taking FMLA leave for his serious health condition;
b) Attempting to exercise his rights under the FMLA; and
c) Opposing Defendant's interference with his FMLA rights.

64.

Defendant retaliated against Plaintiff for engaging in protected activity by:

a) Denying his requests for FMLA leave;

b) Requiring him to pay excessive insurance premiums during his leave;

c) Creating a hostile work environment; and

d) Constructively discharging him from his position.

65.

There is a causal connection between Plaintiff's protected activity and Defendant's adverse employment actions.

66.

Defendant's proffered reasons for its actions are pretextual and designed to hide its retaliatory motive.

67.

As a direct result of Defendant's retaliation, Plaintiff has suffered damages including lost wages, lost benefits, and other compensation.

68.

Defendat's violations of the FMLA were willful.

69.

Pursuant to 29 U.S.C. § 2617(a)(1), Plaintiff is entitled to recover damages including back pay, lost benefits, liquidated damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the FMLA.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Special damages and/or liquidated damages for lost wages, benefits, medical expenses, transportation costs, and prejudgment interest thereon;

(d) Compensatory damages for out-of-pocket expenses, including insurance premium payments required during leave;

(e) Reasonable attorney's fees and expenses of litigation;

(f) Trial by jury as to all issues;

(g) Prejudgment interest at the rate allowed by law;

(h) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights under the ADA and FMLA;

(i) All equitable relief available under the FMLA and ADA, including injunctive relief prohibiting Defendant from further unlawful conduct of the type described herein; and

(j) All other relief to which Plaintiff may be entitled.

Respectfully submitted this 24th day of January 2025.

**BARRETT & FARAHANY**

Constance Cooper
Alabama Bar No. 4276G33S

*Counsel for Plaintiff Steve Baker*

2921 Piedmont Road
Atlanta, GA 30305
(404) 214-0120
constance@justiceatwork.com
Fax: (404) 214-0125